# Richmond.

## MUSTAIN v. PANNILL'S EX'OR.

### APRIL 11th, 1889.

1. JUDICIAL SALES—*Renting.*—Where on commissioner's report that land will pay the debts within five years, a decree to rent is entered, and ineffectual effort to rent is made at a distance from the land and at an unsuitable season: *held,* error to decree sale.

2. RECORD—*Part of record.*—Where advertisements to rent are not referred to in the special commissioner's report, or in decree of sale subsequently ordered, they will not, though copied into the record, be considered part thereof on appeal.

Appeal from decree of circuit court of Pittsylvania county in the cause, W. L. Pannill's executor against Robert H. Mustain, for the sale or renting of defendant's land to satisfy liens. From decree to sell, defendant obtained an appeal.

*Rutherford & Page*, for the appellant.

*P. B. Berkeley*, for the appellee.

HINTON, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Pittsylvania county, directing a sale of the land of the appellant. The record is extremely meager, and, in the opinion of the majority of the court, what purports to be copies of the advertisements of renting, being neither set out in the reports of the commissioner appointed to rent out the land, as a part of his

report, nor referred to therein as exhibits filed therewith, nor noticed in the decree, are not to be deemed parts of the record. But, from what is set out in the record, it does appear from the report of the commissioner to whom the case was referred, from the testimony before him, that the liens resting on the land could be paid off from the rents and profits of the land for five years; that the land was exposed for renting at periods in the year when it is almost impossible to rent land at all, and that the land was exposed for renting at a distance from the premises. In this posture of the case it seems to the court that there cannot be a safe determination of the controversy at this time, and that the decree should be reversed, and the cause be remanded, with directions to refer it to the commissioner again to ascertain whether the liens can be paid off from the rents and profits of said land within five years, to be further proceeded with in order to final decree.

DECREE REVERSED.